UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LYNN ANDERSON #180023,

     Plaintiff,

v.                                                              Hon. Sally J. Berens

DALE BONN, et al.,                                              Case No. 1:25-cv-1570

     Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court
has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act
(PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any
prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a
claim upon which relief can be granted, or seeks monetary relief from a defendant immune from
such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff sues Warden Dale Bonn, Grievance
Coordinator K. Miller, Ionia County Circuit Court Judge Ronald J. Schafer, and Unknown Parties
## 1 and 2, identified as Muskegon Police Department officers. The Court must read Plaintiff's
pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept
Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.
Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the complaint
for failure to state a claim upon which relief may be granted.

**I. Background**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)
at the Ionia Correctional Facility. On March 28, 2005, following a jury trial in the Muskegon
County Circuit, Plaintiff was found guilty of second-degree murder of Wendy Currie for which he

is currently serving a term of imprisonment of 35 to 65 years. *See Anderson v. Prelesnik*, No. 1:08-cv-250 (W.D. Mich. Jan. 4, 2010), *report and recommendation adopted*, 2010 WL 1254571 (W.D. Mich. Mar. 26, 2010).

Plaintiff alleges that "from the beginning the public entities conspired to systematically violate the law under [Mich Comp. Laws §] 750.218 false pretenses with intent to defraud to unlawfully commit the violation of [Mich. Comp. Laws §] 750.349 'kidnapping[.]'" (ECF No. 1 at PageID.2.) Plaintiff alleges that the arrest warrant was issued illegally and that he was unlawfully seized on September 26, 2003, without notice, contrary to due process. (*Id.* at PageID.3.) Plaintiff alleges that he was not afforded a preliminary examination within 14 days of his illegal arrest and was not arraigned within 72 hours. (*Id.*) He states that the complaint, warrant, and information were "invalid and bare bone[s] documents" that allowed the prosecutor to move forward with the case in circuit court, resulting in a void judgment without jurisdiction. (*Id.*)

Plaintiff alleges that he exhausted his remedies on his claims by filing a grievance through the prison grievance process and pursuing a state habeas corpus petition in the Ionia County Circuit Court. He alleges that Judge Schafer "chose to obstruct justice by using procedures to conceal the true facts about a crime" in denying the habeas petition. (*Id.* at PageID.4.) Plaintiff alleges that Grievance Coordinator Miller failed to conduct an investigation or interview Plaintiff regarding his grievance and had a conflict of interest. Plaintiff states that Miller rejected his grievance on the grounds that it was vague, illegible, or contained multiple unrelated issues. (*Id.*) Plaintiff also alleges that he requested Defendant Bonn to investigate the matter, but he failed to complete the investigation or inform Plaintiff of the results. (*Id.*)

For relief, Plaintiff seeks $5.5 million in damages against Defendant Miller for denying his administrative grievance; $250,000,000,000 in damages against Defendant Bonn for illegally

detaining him for more than 20 years on unauthorized charges and denial of due process in failing to redress the alleged violations; $20,000,000,000 against Judge Schafer for failing to "do his job of a[n] honest fact-finding process;" and $500,000,000,000 against Defendants John Doe officers ##1 and 2 for initiating the conspiracy to kidnap Plaintiff under false pretenses. (*Id.* at PageID.9.) It appears that Plaintiff also may seek release from prison.

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.  Discussion

#### A.    Defendant Warden Bonn

Plaintiff alleges that Defendant Bonn failed to investigate his claim of innocence of the crime of conviction and that failure concealed that Plaintiff was actually kidnapped under false pretenses. Plaintiff also contends that Defendant Bonn failed to inform him of the results of his investigation. (ECF No. 1 at PageID.4.)

Plaintiff has no claim against Defendant Bonn relating to the alleged failure to investigate his claim of unlawful conviction or being subjected to kidnapping because courts have held that a warden or other custodian has no duty to investigate a prisoner's claim of unlawful incarceration. In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court observed, "we do not think a sheriff . . . charged with maintaining custody of the accused . . . [is] required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury." *Id.* at 145–46. Similarly, in *Patterson*

4

*v. Von Riesen*, 999 F.2d 1235 (8th Cir. 1993), in rejecting the plaintiff's argument that "the wardens breached a duty to investigate his wrongful conviction claims and to recommend that he be paroled on that basis," the Eighth Circuit said that it was aware of "no federal constitutional duty requiring prison wardens to investigate such claims." *Id.* at 1241; *see also Barber v. Hinton*, No. 1:15-CV-83, 2018 WL 9491362, at *9 (M.D. Ga. Nov. 8, 2018), *report and recommendation adopted*, 2019 WL 4137272 (M.D. Ga. Mar. 22, 2019) ("As Deputy Warden of Security, it was not Defendant Hinton's job to investigate inmates' criminal convictions to determine whether they [were] being imprisoned illegally.") (internal quotation marks omitted); *Bailey v. Schmidt*, No. 04-CV-1397, 2006 WL 8445153 (D. Minn. Feb. 1, 2006), *report and recommendation adopted*, 2006 WL 8445153 (D. Minn. Feb. 27, 2006) ( observing that "jailers . . . had no duty to investigate Plaintiff's protestations of innocence to his September 17, 2003 arrest or the September 19, 2003 charges for making terroristic threats"). Finding these cases persuasive, the Court concludes that Plaintiff fails to state a claim against Defendant Bonn for failing to investigate the legality of Plaintiff's conviction.

### B.    Defendant Miller

Defendant Miller's only alleged conduct was rejecting Plaintiff's administrative grievance. That alleged conduct is insufficient to impose liability on Defendant Miller under Section 1983. Prison officials whose only roles "involve their denial of his administrative grievances" cannot be liable under Section 1983 for depriving an inmate of the constitutional right that is the subject of the grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also, Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982). Moreover, to the extent Plaintiff claims that Defendant Miller was required to investigate

his claim of wrongful conviction and/or incarceration through the grievance that Plaintiff filed, this claim fails for the same reasons set forth above as to Defendant Bonn.

### C.    Judge Schafer

Judge Schafer's only alleged conduct is denying Plaintiff's state habeas petition. This claim is barred by absolute judicial immunity. It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 11–12.

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

*Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "Whether an act is judicial depends on the nature and function of the act, not the act itself." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (internal quotation marks omitted) (quoting Mireles, 502 U.S. at 13). The analysis involves two considerations: "(1) looking to the nature of the act itself, whether the act is a 'function normally performed by judge' and (2) regarding the expectations of the parties, whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12).

Here, Judge Schafer's only act—denying Plaintiff's state habeas corpus petition—was clearly performed in a judicial capacity. Without question, addressing a habeas petition is a judicial function within the jurisdiction of a state circuit judge. Plaintiff's disagreement with the outcome provides no basis to disregard judicial immunity.

### D.    No Private Right of Action

Plaintiff's claims also fail to the extent he relies on Mich. Comp. Laws §§ 750.218 and 750.349. These are criminal statutes that provide no private right of action. "[T]he general rule is that a private right of action is not maintainable under a criminal statute." *American Postal Workers Union, AFL-CIO, Detroit Loc. v. Indep. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973); *see also Lawrence v. Ryan*, No. 2:23-cv-02102, 2024 WL 1097196, at *6 (W.D. Tenn. Mar. 13, 2024) ("[I]t is well established that criminal statutes generally do not confer a private right of action, and courts do not routinely, imply private rights of action in favor of the victims of violations of criminal laws.") (internal quotation marks and brackets omitted); *Brown v. Walsh*, No. 12-10535, 2013 WL 173025, at *5 (E.D. Mich. Jan. 16, 2013) (holding that there is no private right of action under Mich. Comp. Laws § 750.349).

### E.    Plaintiff's Claims Are *Heck* Barred

The crux of Plaintiff's complaint is that the charges against him and his conviction were invalid and that he has been wrongfully imprisoned for the last 20 or so years as a result of being illegally kidnapped. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of Section 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477

(1994). The Sixth Circuit has explained the bar that *Heck* places on Section 1983 suits brought by

prisoners as follows:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

As set forth above, federal law holds that a plaintiff cannot bring a Section 1983 claim that

necessarily implies the invalidity of his confinement, no matter how styled, unless he has

successfully challenged his conviction through the appropriate remedies. *Id.* Here, by arguing that

the prior judgment arising from his criminal proceeding is void and that his arrest and conviction

were unlawful, Plaintiff asserts claims that fall directly within *Heck*'s rule, which precludes a

Section 1983 action attacking a conviction that has not been invalidated by one of the methods set

forth in *Heck*, including a federal writ of habeas corpus. Because Plaintiff has not alleged that his

conviction has been invalidated or set aside, his present action is barred under the *Heck* doctrine.[1]

---

[1] To the extent Plaintiff requests release from imprisonment in this action, that request is improper. A request for release from prison constitutes a challenge to the fact or duration of confinement, which should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to Section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

### IV.  Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An order consistent with this opinion will be entered.

Date:  January 5, 2026                                  /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge